UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE KEITH,<br><br>                        Plaintiff,<br><br>  - against -<br><br>NATIONAL HERALD, INC.<br><br>                        Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephanie Keith ("Keith" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant National Herald, Inc. ("Herald" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a wedding in the New York City subway owned and registered by Keith, a New York City based photojournalist. Accordingly, Keith seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides and transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Keith is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 42 Madison Street, Brooklyn, New York 11238. Keith's photographs have appeared in many publications around the United States.

6. Upon information and belief, Herald is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 3710 30th Street, Long Island City, New York 11101. Upon information and belief, Herald is registered with the New York Department of State, Divisions of Corporation to do business in the State of New York. At all times material hereto, Herald has owned and operated the website at the URL: www.TheNationalHerald.com (the "Website").

## STATEMENT OF FACTS

A.   **Background and Plaintiff's Ownership of the Photograph**

7. On or about November 28, 2014, Keith photographed Hector Irakliotis and Tatyana Sandler getting married in the New York City subway (the "Photograph"). The wedding garnered national attention around the United States. A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Keith then licensed the Photograph to the New York Daily News where her name appears on a gutter credit. See http://www.nydailynews.com/new-york/couple-married-n-train-article-1.2027347. A copy of the Daily News Article is attached hereto as Exhibit B.

9. Keith is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph has a pending United States Copyright number of 1-4120320303. A copy of the pending registration is attached hereto as Exhibit C.

**B.    Defendant Infringing Activities**

11. Upon information and belief, on or about December 4, 2014 Defendant ran an article on the Website entitled *Next Stop, Marital Bliss*. See http://www.thenationalherald.com/67817/next-stop-marital-bliss/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

12. Defendant did not license the Photograph from Plaintiff for its article nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST HERALD)
### (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HERALD
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Plaintiff had copyright management information on the Photographs when published in the New York Daily News.

21. Upon information and belief, Herald took the Photograph from the New York Daily News Article and in its article on the Website, Herald intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

22. The conduct of Herald violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Herald's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Herald intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Herald also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

25.     As a result of the wrongful conduct of Herald as alleged herein, Plaintiff is entitled to recover from Herald the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Herald because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Herald statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     Plaintiff be awarded Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph.

3.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.     That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 3, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephanie Keith*